UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE:                              *    CHAPTER 13
ROBERT & PATRICIA WILLIAMS          *    BANKRUPTCY NO. 18-15270
                                    *
              Debtors               *
```

**ORDER**

    AND NOW, this     day of             , 201 , upon consideration of U.S. Bank Trust National Association as Trustee of the Lodge Series IV Trust Motion for Relief from the Automatic Stay and Debtors' answer thereto, and after hearing, it is hereby ORDERED and DECREED that;

    The Motion of U.S. Bank Trust National Association as Trustee of the Lodge Series IV Trust for Relief From The Automatic Stay Under Section 362 is DENIED.

                                     BY THE COURT:

                                            _____
                                                                J.

Kenneth G. Harrison, Esquire
Fine Neshaminy Interplex  Suite 115
Trevose, PA 19053

William C. Miller, Esquire (Trustee)
P.O. Box 40119
Philadelphia, PA 19106

Michael C. Mazack, Esquire
The Lynch Law Group
501 Smith Drive, Suite 3
Cranberry Township, PA 16066

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE:                            *    CHAPTER 13
ROBERT & PATRICIA WILLIAMS        *    BANKRUPTCY NO. 18-15270
                                  *
                Debtors           *
```

**DEBTORS' ANSWER TO THE MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Debtors, Robert & Patricia Williams, by and through their attorney, Kenneth G. Harrison, Esquire, respectfully represents as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied. Debtors have no knowledge of the amounts stated in this paragraph therefor said allegations are denied with strict proof thereof demanded at trial.

8. Admitted.

9. Denied as a conclusion of law upon which no responsive pleading is required. The Debtors have signed an Agreement of Sale to sell said real estate.

10. Denied as a conclusion of law upon which no responsive pleading is required.

12. Denied as a conclusion of law upon which no responsive pleading is required.

13. Denied as a conclusion of law upon which no responsive pleading is required.  The Debtors have signed an Agreement of Sale to sell said real estate.

14. Denied as a conclusion of law upon which no responsive pleading is required.

## DEFENSES

1. The Debtors have substantial equity in their property and movant has been afforded adequate protection of its interest. The Debtors have signed an Agreement of Sale to sell said real estate.

2. Movant has not shown the irreparable harm necessary to justify lifting of the automatic stay with respect to its foreclosure.  The Debtors have signed an Agreement of Sale to sell said real estate.

3. If movant is entitled to relief from the stay, the stay should not be terminated and the Court should grant less drastic relief by conditioning or modifying the stay.  The Debtors have signed an Agreement of Sale to sell said real estate.

WHEREFORE, Debtors, Robert & Patricia Williams, respectfully requests that this Honorable Court deny Movant's Motion for Relief From the Automatic Stay.

Respectfully submitted,

s/s Kenneth G. Harrison
Kenneth G. Harrison, Esquire
Five Neshaminy Interplex Suite 115
Trevose, PA 19053